**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK C. FARAONE,**

        **Plaintiff,**

**-vs-**                                                      Case No. 6:07-cv-1086-Orl-31KRS

**LOCKHEED MARTIN CORPORATION,**

        **Defendant.**
_____

**LOCKHEED MARTIN CORPORATION,**

        **Third Party Plaintiff,**

**vs.**

**NLX, LLC**

        **Third Party Defendant.**
_____

# ORDER

This matter comes before the Court on competing motions for partial summary judgment filed by the Third Party Plaintiff, Lockheed Martin Corporation ("Lockheed") (Doc. 47), and the Third Party Defendant, NLX, LLC ("NLX") (Doc. 54), as well as the responses (Doc. 69, 72) to both motions.

**I.  Background**

Mark Faraone ("Faraone") has sued Lockheed over injuries he allegedly sustained on February 9, 2003, while he was training on one of Lockheed's flight simulators.[1]  Faraone asserted,

---

[1] For simplicity's sake, the remainder of this order will treat Faraone's injuries as a fact, although that issue remains unresolved.

among other things, that his injuries resulted from Lockheed's failure to properly maintain the simulator. Lockheed subsequently filed a third party complaint against NLX. Lockheed had contracted with NLX to maintain the simulators, and NLX began doing so on February 1, 2003, just days before Faraone's injury.

In Count I of its Amended Third Party Complaint, Lockheed asserts that, if it is found that Faraone was injured due to acts or omissions of NLX, NLX is contractually obligated to indemnify Lockheed. Lockheed now seeks summary judgment as to the existence of this obligation. NLX argues that there was no enforceable contract between the parties on the date Faraone was injured, and therefore it has no contractual duty to indemnify Lockheed.[2]

## II.  Standards

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and

---

[2]In its motion, NLX also sought summary judgment as to Count III of the Amended Third Party Complaint, but Lockheed has voluntarily dismissed that count.

citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.   Analysis**

In Count I of the Amended Third Party Complaint, Lockheed asserts that NLX is obligated, "pursuant to its Contract with Lockheed," to "indemnify and hold Lockheed harmless for personal injury to any person at Lockheed's Training Center caused in whole or in part by the acts or omissions of NLX." The "Contract" referenced in that count I is defined by the Amended Third Party Complaint as one that Lockheed and NLX entered into on February 28, 2003 – nearly three weeks after the date on which Faraone was injured.[3] The contractual indemnity claim relies on the following language from the Contract, found at Paragraph 18(b) of its "General Provisions" section, which was attached to the Contract and incorporated into it:

---

[3] NLX argues that the Contract did not actually take effect until April 21, 2003, when it was finally signed by a representative of Lockheed. For purposes of resolving the instant motions, it makes no difference whether the Contract took effect three weeks after Faraone's accident or ten weeks after. Therefore, this order will utilize February 28, 2003 as the effective date of the Contract.

> [NLX] shall indemnify and hold harmless LOCKHEED MARTIN, its officers, employees, and agents from any losses, costs, claims, causes of action, damages, liabilities, and expenses, including attorneys' fees, all expenses of litigation and/or settlement, and court costs, by reason of property damage or loss or personal injury to any person caused in whole or in part by the actions or omissions of [NLX], its officers, employees, agents, suppliers, or subcontractors.

NLX argues that the Contract was not in force on the date that Faraone was injured, and therefore this indemnification provision is not applicable.[4] However, a plain reading of the indemnity provision shows that it is not limited to acts or omissions (or resulting injuries) that occur after the effective date of the Contact.

In consideration of the foregoing, it is hereby **ORDERED** that Lockheed's Motion for Partial Summary Judgment (Doc. 47) is **GRANTED**, and the Court concludes that to the extent that it is determined that Faraone suffered personal injuries as a result of the acts or omissions of NLX, its officers, employees, agents, suppliers, or subcontractors, Lockheed is entitled to seek

---

[4]The parties also spent considerable time arguing about the applicability of another agreement – the "Purchase Order" – which the parties were apparently operating under at the time of the incident involving Faraone. Lockheed contends that the Purchase Order contained an identical indemnification provision, which would entitle it to indemnity as to Faraone's injuries regardless of whether the Contract applies. NLX contends that a merger clause in the Contract invalidated the Purchase Order (and any indemnification obligation pursuant to it). However, the Purchase Order has not been pled as a basis for contractual indemnification; Count I is based only on the Contract. The Court will not grant summary judgment on the basis of an agreement not referenced in the operative pleading.

indemnity pursuant to Paragraph 18(b) of the Contract.  NLX's Motion for Partial Summary Judgment (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party