# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOCKHEED MARTIN CORPORATION,**

    **Third Party Plaintiff,**

-vs-                                                              Case No. 6:07-cv-1086-Orl-31KRS

**NLX, LLC**

    **Third Party Defendant.**

# ORDER

This matter comes before the Court on the Motion in Limine to Preclude NLX from Referencing Lockheed's Prior Pleading (Doc. 100) and the response (Doc. 110) filed by the Third Party Plaintiff, NLX, LLC ("NLX"). As stated in open court, the undersigned is unable to rule on the majority of the issues raised out of context, and their resolution is therefore deferred until trial. However, the Court will address the deposition issue immediately to allow the parties to prepare for trial.

Lockheed has requested that the Court require that any videotaped depositions be presented to the jury by way of someone reading the transcripts aloud rather than by playing the videotapes. The Court agrees that the playing of any videotaped depositions would almost certainly reveal to the jury the fact that Lockheed had previously taken positions on negligence and causation that are the opposite of the positions they will be arguing in this trial. This, in turn, would almost certainly prejudice Lockheed in the eyes of the jury – unless Lockheed were permitted to inform the jury

that NLX had settled with the original plaintiff.  And knowledge that NLX had settled would almost certainly prejudice NLX.

The jury would likely be less bored watching a videotape than listening to someone read from a transcript.  However, the transcripts can convey the essential information from those depositions with a much smaller chance of severe prejudice to either party.  Accordingly, the Court will require that all deposition testimony be read to the jury, even if the deposition was videotaped.

Counsel for Lockheed points out that identifying him as the attorney asking the questions on the transcripts would likely have the same effect on the jury as hearing his voice asking those questions on the videotapes – *i.e.*, revealing Lockheed's previous position.  The Court agrees.  Although the failure to identify the attorney may be somewhat confusing to the jury, the important information to be conveyed is the answer, not the identity of the person or party asking the question.  Accordingly, the parties will redact the names of the attorneys involved from any deposition transcripts they intend to present to the jury, and, as necessary, will identify the individual asking the question solely as "counsel".  In accordance with the foregoing, it is hereby

**ORDERED** that the Motion in Limine to Preclude NLX from Referencing Lockheed's Prior Pleading (Doc. 100) is **GRANTED IN PART and DEFERRED IN PART**, as stated above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 30, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record